## William S. Ingraham v. Nellie Harmon.

PROXIMATE CAUSE—*how question of, determined.* What is the proximate cause of an injury is ordinarily a question of fact to be determined by the jury from the evidence.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Randolph County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1906. Affirmed. Opinion filed March 15, 1907.

Ingraham v. Harmon.

H. CLAY HORNER and GODDARD & GODDARD, for appellant; BUCKINGHAM & TROUP, of counsel.

A. E. CRISLER, for appellee; GEORGE M. HARKER, of counsel.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of Randolph county, by appellee against appellant, to recover for the death of appellee's husband, while engaged in the service of appellant as a coal miner in appellant's coal mine. Trial by the court without a jury. Finding and judgment in favor of appellee for $1,999.

The declaration consists of two counts, based upon sections 8 and 18 of the Mines and Miners Act. The first count charges that appellant wilfully failed to have his mine examined by a licensed mine examiner, and wilfully permitted Felix Harmon, appellee's husband, to enter the mine and go to his working place therein before the mine was so examined, whereby a large, loose and dangerous rock in the roof of the mine fell upon him and killed him.

The second count avers the duty of appellant to have his mine examined by a licensed mine examiner, who shall place a conspicuous mark at all dangerous places found, as notice to all men to keep out, and shall at once report his finding to the mine manager and that no one shall be allowed to enter the mine to work, except under the direction of the mine manager, until all conditions shall have been made safe; and avers a wilful failure on the part of appellant to perform any of these duties, whereby a loose and dangerous rock fell upon appellee's husband and killed him. Each count of the declaration is sufficiently full, specific and formal to meet all the requirements of good pleading. To this declaration appellant pleaded not guilty.

As noted above the case was tried by the court without a jury, by agreement of parties. No question is raised upon the state of the pleadings, no complaint is made with respect

to the rulings of the trial court as to the admission or rejection of evidence, no propositions of law were submitted to the court, and no, question of either law or fact was raised by motion for new trial, or by motion in arrest. The record presents no question of law for us either to discuss or determine.

As we understand the argument of appellant's counsel, they admit that appellant was guilty in all respects charged against him in the declaration. If, however, we have misunderstood counsel as to such admission, then it is our opinion that the evidence clearly proves as much.

Counsel contend that notwithstanding the roof of appellant's mine was in dangerous condition at the "working place" in question, and that he wilfully failed to have his mine examined by a licensed mine examiner, and to have a conspicuous mark placed at the place of danger before "the men were allowed to enter the mine to work therein," still, he is not liable because, they say, these violations of the statute were not the proximate cause of the death of appellee's husband.

What is proximate cause is usually a question of fact and not a question of law, and under the state of evidence disclosed in this record, it was clearly a question of fact in this case, and the evidence clearly and fully warrants the finding of the court in that respect.

The judgment of the Circuit Court is affirmed.

*Affirmed.*